# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DAVID WAYNE BOYLES                                                                                   PLAINTIFF

v.                                        4:16CV00008-KGB-JTK

SCOTT MONTGOMERY, et al.                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff David Boyles is an inmate confined at the Perry County Detention Center (Jail). He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging denial of adequate medical care with respect to several unrelated incidents, together with numerous unrelated allegations of improper conditions of confinement (Doc. No. 2). By Order dated January 8, 2016 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed Plaintiff to amend his complaint.[1] Plaintiff has not filed an Amended Complaint, or otherwise corresponded with the Court.

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

---

[1] The Court also cautioned Plaintiff of Local Rule 5.5(c)(2), which states: "...If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). As noted above, Plaintiff complained about numerous vague and unrelated incidents at the Jail, and failed to include specific allegations of unconstitutional conduct against the three named Defendants. He complained that he was denied medical treatment on several occasions, but did not include specific facts such as dates, who refused his requests for treatment, and how he was injured. In addition, his numerous and vague allegations of unconstitutional conditions of

confinement fail to support a finding of cruel and unusual punishment because he did not allege facts that showed he was deprived of "a single, identifiable human need such as food, warmth, or exercise." Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994) (quoting Wilson v. Seiter, 501 U.S. 294, 304 (1991)).

The Court notified Plaintiff, in the January 8, 2016 Order, that his allegations "are vague and conclusory, and unrelated to each other," and failed to comply with FED.R.CIV.P. 8(a)(2), because the Complaint did not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. No. 3, p. 3) The Court then directed Plaintiff to file a short Amended Complaint "which sets forth one claim against the named Defendants involved, which he wishes to pursue in this case." (Id.) The Court also included specific directions about how to set forth his allegations, including setting forth "specific facts concerning the allegations...including, where applicable, dates, time and places." (Id., p. 4) Although the Court stated that if Plaintiff failed to abide by the Order, the Court would limit the complaint to a single claim, the Court finds that absent additional facts and allegations, Plaintiff's Original Complaint does not state a single claim upon which relief can be granted. Therefore, Plaintiff's failure to comply with the Court's Order and to provide additional facts and allegations in support of his claims for relief merit dismissal without prejudice of his Complaint, for failure to state a claim upon which relief may be granted.

**IV.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2   This dismissal be considered a "strike" within the meaning of the Prison Litigation

Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 17th day of February, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.